Filed 10/1/24  P. v. Gomez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084513 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1600337) |
| ANGEL RAUL GOMEZ, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Honorable John D. Molloy, Judge.  Reversed and remanded.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Angel Raul Gomez, Jr., appeals from a post-judgment order denying his petition to strike a prior prison term enhancement under Penal Code[1] section 667.5, subdivision (b), and hold a full resentencing hearing, pursuant to section 1172.75. We conclude that the trial court based its denial on an erroneous interpretation of section 1172.75. Accordingly, we reverse the trial court's order and remand for a recall of Gomez's sentence and a full resentencing in compliance with section 1172.75.[2]

In 2017, Gomez pled guilty to 12 felonies and 5 misdemeanors. He also admitted a strike prior (§§ 667, subds. (b)-(i) and 1170.12), a serious felony prior (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (b).)

The trial court sentenced Gomez to a total term of 17 years in prison. As to the prior prison term, the court imposed and stayed the one-year enhancement.

Through the passage of Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), the Legislature added section 1172.75 to the Penal Code. Section 1172.75 provides that prior prison term enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b), are "legally invalid," except for those imposed for sexually violent offenses. (§ 1172.75, subd. (a).) Subdivision (b) of section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) to identify to the sentencing court all persons in custody "currently serving a term for a judgment that includes an enhancement described by subdivision (a)." The

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Gomez's request for judicial notice filed August 29, 2024 is granted as to Exhibit C and denied as to Exhibits A and B.

sentencing court must then recall the sentence and resentence a defendant if it determines the judgment against him includes such an enhancement. (§ 1172.75, subd. (c).) Unless the court finds a lesser sentence would endanger public safety, resentencing must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (*Id*., subd. (d).)

The CDCR identified Gomez as a person currently serving a prison term that included an enhancement imposed under section 667.5, subdivision (b). Following a hearing in 2023, the sentencing court denied relief because the enhancement was imposed and stayed, as opposed to imposed and executed.

The sole issue in Gomez's appeal is whether the trial court erred in its interpretation of section 1172.75. Gomez contends that the court erred because the statute affords relief to all defendants whose sentences include a section 667.5, subdivision (b) enhancement, regardless of whether the enhancement was imposed and executed or imposed and stayed. The People contend that section 1172.75 affords relief only to defendants whose sentences include a section 667.5, subdivision (b) enhancement that was imposed and executed. We review this issue of statutory interpretation de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

This issue has now been the subject of multiple published appellate opinions, including one from this division, and our Supreme Court has granted review to decide the question. (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21,

3

2024, S283189 (*Christianson*); *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*); *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*).)

Of these opinions, *Rhodius* was the only one to conclude that relief under section 1172.75 is limited to defendants whose sentences include a section 667.5, subdivision (b) enhancement that was imposed and executed. (*Rhodius, supra*, 97 Cal.App.5th at p. 44, review granted.) Relying heavily on *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*), which interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, the court reasoned that because section 1172.75, subdivision (d)(1) requires a lesser sentence than the one originally imposed, it does not apply to prison priors that were stayed because striking a stayed prior would not result in a lesser sentence. (*Rhodius*, at pp. 43–44.) The court also concluded that this reading of the statute was most in line with its legislative history and intent to reduce prison sentences. (*Id*. at p. 47.)

Conversely, this court, in *Christianson*, rejected such a narrow interpretation of section 1172.75 and held that the statute in fact applies to section 667.5, subdivision (b) enhancements that were imposed and stayed. (*Christianson, supra*, 97 Cal.App.5th at p. 305, review granted.) We observed that the use of "imposed" in section 1172.75, subdivision (a), is "at least somewhat ambiguous," but taken together with its legislative intent and history, the statute does not limit relief to judgments with enhancements that were imposed and executed. (*Christianson*, at p. 311.) We disagreed with the position that extending section 1172.75 to stayed enhancements would cause disharmony with the lesser sentence requirement in subdivision (d)(1), because, in staying a punishment, the trial court "retains the ability to lift the stay and impose the term," and removing the stayed enhancement

4

eliminates that potential. (*Christianson*, at p. 312.) We further doubted that the Legislature intended to require CDCR to identify a class of inmates based on the abstract of judgment, only to again have the sentencing court look at the same judgments and further determine whether the enhancements had been stayed. (*Ibid*.) While in *Gonzalez, supra*, 43 Cal.4th at page 1126, our Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f) to mean imposed and executed, we did not find *Gonzalez* to be controlling. In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences[.]" (*Christianson*, at p. 314.) And we found the legislative history to be consistent with our reading of section 1172.75. (*Christianson*, at p. 316.) As noted, other than *Rhodius*, every other court to consider this issue has reached the same result as *Christianson*. (*Espino, supra*, 104 Cal.App.5th 188; *Mayberry, supra*, 102 Cal.App.5th 665, review granted; *Saldana, supra*, 97 Cal.App.5th 1270, review granted; *Renteria, supra*, 96 Cal.App.5th 1276.)

"We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson*. (*Espino, supra*, 104 Cal.App.5th at p. 196.) "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) Therefore, we adopt the reasoning and holding of *Christianson* and conclude that section 1172.75 affords relief to defendants like Gomez whose sentences include a section 667.5, subdivision (b) enhancement that was imposed and stayed. Gomez is accordingly entitled to a full resentencing on remand, including the application of "any other

changes in law that reduce sentences or provide for judicial discretion."
(§ 1172.75, subd. (d)(2).)

## DISPOSITION

The order denying Gomez's motion for resentencing pursuant to section 1172.75 is reversed. The matter is remanded with instructions to the trial court to recall Gomez's sentence and resentence him consistent with section 1172.75 and current law.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.

6